IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN EMPIRE MEDICAL TRANSPORTATION, a subsidiary of KERN COUNTY TRANSPORTATION SERVICES, INC., a California Corporation; and PHILIP B. BRADFORD, an individual,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE COUNTY OF KERN and RUSSELL BLIND,<br><br>　　　　Defendants. | 1:01-CV-05194 REC TAG<br><br>ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD AND ORDER TO SHOW CAUSE<br><br>(Doc. 123) |

　　Plaintiffs Golden Empire Medical Transportation and Philip B. Bradford (hereinafter "Plaintiffs") filed a complaint alleging violations of the Sherman Antitrust Act on February 16, 2001. (Doc. 1.)  Plaintiffs' attorneys of record, Thomas J. Anton and Rockie D. Ritchie, previously filed a motion to withdraw as attorneys of record for Golden Empire Medical Transportation.  (Docs. 113 and 115.)  That motion was granted to the extent it pertained only to Golden Empire Medical Transportation, and not to any other named plaintiff.  (Doc. 120).  The same attorneys of record now move to withdraw as attorneys of record for the sole remaining named plaintiff, Philip B. Bradford. (Doc. 123).  A hearing on this motion was held on March 7, 2006 before the Honorable Theresa A. Goldner, United States Magistrate Judge.  (Doc. 128).

Plaintiff Philip B. Bradford's attorneys attest that Mr. Bradford has failed to pay legal fees that have been incurred and that Plaintiff filed a fee arbitration complaint against such attorneys. (Doc. 123, Decl. of Thomas J. Anton at ¶¶ 6-7.) Plaintiff's attorneys asserts that this fee issue has "seriously strained the relationship and communication" between attorney and client (Doc. 123 at p. 4) and requires them to withdraw as counsel of record.

Local Rule 83-182(d) states in pertinent part:

> [A]n attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and written notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those rules. . . Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Rule 3-700 (C)(1)(d) of the California Rules of Professional Conduct provides:

> . . . a member many not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because the client by other conduct [client's conduct does not fit into subdivisions a-c] renders it unreasonably difficult for the member to carry out the employment effectively.

Consistent with the above-quoted requirements, counsel for Plaintiff Bradford has filed a declaration stating the last known address of plaintiff Philip B. Bradford is 6000 Alfred Harrel Hwy, #H, Bakersfield, California 93308, along with a proof of service of such declaration. (Doc. 123, Decl. of Thomas J. Anton at ¶ 12).

**ORDERS**

Accordingly, and good cause appearing, the Court makes the following orders:

1.  The Motion to Withdraw (Doc. 123) is hereby GRANTED.

2.  Plaintiff Philip B. Bradford's attorneys of record, Thomas Anton & Associates and Rockie D. Ritchie, are relieved as counsel of record for plaintiff Philip B. Bradford.

3.  Until further order or entry of an appearance by counsel on behalf of plaintiff Philip B. Bradford, all notices, pleadings and documents shall be served upon such plaintiff Philip B. Bradford at the following address: Philip B. Bradford, 6000 Alfred Harrel Hwy, #H, Bakersfield, California 93308.

4.  The Court notes that correspondence previously directed by the Court to plaintiff Golden Empire Medical Transportation at the last known address supplied by its counsel, 1409 Washington Avenue, Bakersfield, California 93305, has been returned to the Court as undeliverable. (Doc. 122).  At the hearing on this matter on March 7, 2006, counsel informed the Court that Philip B. Bradford is a principal of plaintiff Golden Empire Medical Transportation.  Therefore, it is further ordered that until entry of an appearance by counsel on behalf of plaintiff Golden Empire Medical Transportation, all notices, pleadings and documents shall be served upon such plaintiff Golden Empire Medical Transportation at the following address: Golden Empire Medical Transportation, c/o Philip B. Bradford, 6000 Alfred Harrel Hwy, #H, Bakersfield, California 93308.

5.  Insofar as it is a corporation and must be represented by an attorney in this case, Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir 2002), plaintiff Golden Empire Medical Transportation's failure to cause a pleading to be filed with this Court by an attorney entering an appearance on its behalf within thirty (30) days from the date of this Order, may result in the imposition of issue, monetary, and terminating sanctions, including without limitation, a Recommendation that the complaint be dismissed as it pertains to the claims of plaintiff Golden Empire Medical Transportation, and/or that judgment be entered in favor of Defendants and against plaintiff Golden Empire Medical Transportation.

**6.  Finally, the Court notes that no substantive activity has occurred in this case for over a year.  Plaintiffs are therefore ORDERED TO SHOW CAUSE within thirty (30) days of the date of this Order why this matter should not be dismissed for failure to prosecute.**

IT IS SO ORDERED.

Dated:   **March 14, 2006**                                    **/s/ Theresa A. Goldner**
**j6eb3d**                                                                      UNITED STATES MAGISTRATE JUDGE