IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN EMPIRE MEDICAL TRANSPORTATION, a subsidiary of KERN COUNTY TRANSPORTATION SERVICES, INC., a California Corporation; and PHILIP B. BRADFORD, an individual, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>THE COUNTY OF KERN and RUSSELL BLIND, <br><br>　　　　Defendants. | 1:01-cv-05194 REC TAG <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE OR TO COMPLY WITH COURT ORDERS |

## BACKGROUND

Plaintiffs Philip B. Bradford and Golden Empire Medical Transportation ("Plaintiffs") filed a complaint alleging violations of the Sherman Antitrust Act on February 16, 2001.  (Doc. 1.) However, no substantive activity has occurred in this case in over three years. The only activity in this matter at all, since 2003, was a Rule 11 sanctions motion filed on January 9, 2004 (Doc. 106), and motions to withdraw as Plaintiffs' counsel filed in September 2005 (Docs. 113, 115) and on February 1, 2006 (Doc. 123).

On December 29, 2005, upon motion by Plaintiffs' counsel (Docs. 113, 115), the undersigned ordered that counsel for plaintiff Philip B. Bradford be permitted to withdraw from further representation on his behalf.  (Doc. 120). On March 16, 2006, again on motion by Plaintiffs' counsel (Doc. 123), the undersigned ordered that counsel for the remaining plaintiff, Golden Empire Medical

1   Transportation ("Golden Empire"), be permitted to withdraw from representing Golden Empire.
2   (Doc. 130).

3       Golden Empire is a corporation. Accordingly, Golden Empire must be represented by an
4   attorney.  Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir 2002).  The Court's March 16, 2006 order
5   permitting withdrawal of counsel for plaintiff Golden Empire specifically noted that Golden
6   Empire's failure to cause a pleading to be filed with this Court by an attorney entering an appearance
7   on Golden Empire's behalf within thirty (30) days from such order "may result in the imposition of
8   issue, monetary, and terminating sanctions, including without limitation, a Recommendation that the
9   complaint be dismissed as it pertains to the claims of plaintiff Golden Empire Medical
10  Transportation, and/or that judgment be entered in favor of Defendants and against plaintiff Golden
11  Empire Medical Transportation."  (Doc. 130, p. 3).  Since the Court's March 16, 2006 order, no
12  pleadings have been filed with this Court by an attorney entering an appearance on Golden Empire's
13  behalf.

14      The Court's March 16, 2006 order permitting then-existing counsel for Golden Empire to
15  withdraw also included an order to show cause directed to Plaintiffs, and requiring Plaintiffs to show
16  cause why the case should not be dismissed for failure to prosecute.  Specifically, the order noted the
17  following: **"no substantive activity has occurred in this case for over a year.  Plaintiffs are**
18  **therefore ORDERED TO SHOW CAUSE within thirty (30) days of the date of this Order why**
19  **this matter should not be dismissed for failure to prosecute."**  (Doc. 130, p. 3) (emphasis in
20  original).

21      Plaintiffs' response to the Court's Order to Show Cause was due April 20, 2006.  (Id.)
22  However, both Plaintiffs failed to file any response to the Order to Show Cause and failed to present
23  any reasons why this action should not be dismissed. Further, and as discussed above, corporate
24  plaintiff Golden Empire has failed to cause an attorney to represent it in this action since March
25  2006, when Golden Empire's attorneys withdrew from representation in this action.

26                               **DISCUSSION**

27      This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply
28  with these Local Rules or with any order of the Court may be grounds for the imposition by the

1  Court of any and all sanctions . . . within the inherent power of the Court." District courts have
2  inherent power to control their dockets and "in the exercise of that power, they may impose sanctions
3  including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829,
4  831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to
5  prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g.,
6  Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule);
7  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an
8  order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
9  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
10 address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
11 comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
12 lack of prosecution and failure to comply with local rules).

13      In determining whether to dismiss an action for lack of prosecution, failure to obey a court
14 order, or failure to comply with local rules, the Court must consider several factors: (1) the public's
15 interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk
16 of prejudice to the Defendants; (4) the public policy favoring disposition of cases on their merits;
17 and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779
18 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

19      In this case, the undersigned finds that the public's interest in expeditiously resolving this
20 litigation, and the Court's interest in managing the docket weigh in favor of dismissal: (1) Plaintiffs
21 have not advanced this action for approximately three years, (2) plaintiff Golden Empire is a
22 corporation without representation by counsel in this action, and (3) Plaintiffs have failed to respond,
23 in writing or otherwise, to the Court's Order to Show Cause. The third factor, risk of prejudice to
24 Defendant, also weighs in favor of dismissal, since a presumption of injury arises from the
25 occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524
26 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is
27 greatly outweighed by the factors in favor of dismissal discussed herein.
28

**CONCLUSION AND RECOMMENDATIONS**

For the reasons discussed above, this undersigned RECOMMENDS that this action be DISMISSED, without prejudice, pursuant to Local Rule 11-110 for Plaintiffs' failure to prosecute this action, failure to comply with court orders, and failure to respond to the Court's Order to Show Cause.

These Findings and Recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304. No later than twenty (20) days after service of these Findings and Recommendations, any party may file written objections to these Findings and Recommendations with the Court and serve a copy on all parties and the Magistrate Judge and otherwise in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses to objections shall be filed and served no later than fifteen (15) days after service of the objections and otherwise in compliance with this Court's Local Rule 72-304(d). A copy of the responses shall be served on the Magistrate Judge. The District Judge will review the Magistrate Judge's Findings and Recommendations, pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **May 2, 2006**                                        /s/ Theresa A. Goldner
**j6eb3d**                                                           UNITED STATES MAGISTRATE JUDGE